UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
YATAO WANG,
*on his own behalf and on behalf of others similarly situated*,

                              Plaintiff,

    -against-

MAXIM INTERNATIONAL GROUP, INC. *d/b/a*
SHANGHAI BROADWAY RESTAURANT *d/b/a* I
NOODLES MODERN RAMEN RESTAURANT
*d/b/a* ZEN RAMEN AND SUSHI;
ZEN RAMEN AND SUSHI, INC., *a/k/a* I
NOODLES MODERN RAMEN RESTAURANT
*d/b/a* ZEN RAMEN AND SUSHI;
YA YAN RUAN *a/k/a* YAYAN RUAN;
ZHE LIN *a/k/a* ZHEPING LIN *a/k/a* CELINA LIN
*a/k/a* JESSICA LIN; and
SAM "DOE,"

                              Defendants.
------------------------------------ x

MEMORANDUM DECISION
AND ORDER

19 Civ. 05168 (GBD)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Yatao Wang filed a motion to confirm an arbitral award, (ECF No. 35), pursuant to 9 U.S.C. § 9 in his case against Defendants Maxim International Group, Inc. (d/b/a Shanghai Broadway Restaurant, d/b/a I Noodles Modern Ramen Restaurant, and d/b/a Zen Ramen and Sushi); Zen Ramen and Sushi, Inc. (d/b/a I Noodles Modern Ramen Restaurant and d/b/a Zen Ramen and Sushi); Ya Yan Ruan (a/k/a Yayan Ruan); Zhe Lin (a/k/a Zheping Lin, a/k/a Celina Lin, and a/k/a Jessica Lin); and Sam "Doe" (collectively Defendants). No Defendant filed any opposition to the motion.

    Plaintiff's motion to confirm the arbitral award is GRANTED.

## I. BACKGROUND

From May 2016 to April 2018, Wang was employed at Manhattan restaurant Zen Ramen and Sushi, initially as a delivery man and then as a kitchen assistant.[1] Defendant Zhe Lin hired Wang and was an owner and operator of Defendant Maxim International Group, Inc. at all times relevant to this proceeding. During the course of his employment, Wang received compensation in the form of both paper checks and cash. He also purchased two electric bicycles in order to deliver food from the restaurant.

On June 2, 2019, Wang, on behalf of himself as well as others similarly situated, filed this action against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"). (*See* Compl., ECF No. 1, ¶ 1.) Wang pled the following ten counts: (1) failure to pay minimum wages under the FLSA; (2) failure to pay minimum wages under the NYLL; (3) failure to pay overtime wages under the FLSA; (4) failure to pay overtime wages under the NYLL; (5) failure to pay spread-of-hours wages under the NYLL; (6) illegal retention of tips under the FLSA; (7) illegal retention of tips under the NYLL; (8) failure to provide a time-of-hire wage notice under the NYLL; (9) failure to provide wage statements under the NYLL; and (10) breach of implied contract for reimbursement of all costs and expenses of electric delivery vehicles, including depreciation, insurance, maintenance, and repairs. (*See id.*, ¶¶ 69–122; Interim Award, ECF No. 36-1, at 3.)[2]

---

[1] The factual and procedural background of this case has been discussed at length in Arbitrator Theodore K. Cheng's Interim Award. (*See* Interim Award, ECF No. 36-1.) Except for minor distinctions made in this Decision, this Court appropriately incorporates such background by reference.

[2] In the arbitration, Plaintiff amended counts VI and VII from the original allegations in the complaint, which had pled: (6) failure to provide meal periods under the NYLL; (7) failure to keep records under the NYLL. (*Compare* Compl., ¶¶ 94–103 *with* Interim Award at 3.)

Wang consented to Defendants' request to have all his claims arbitrated on an individual basis in accordance with the Arbitration Agreement signed by both parties, (*see* Arbitration Agreement, ECF No. 19-2), and to stay this action pending the outcome of the arbitration, which this Court endorsed on December 3, 2019, (*see* Memo Endorsement, ECF No. 33). Wang used the arbitration to seek unpaid minimum wages, unpaid overtime wages, liquidated damages for multiple statutory violations, interest, and attorney's fees and costs. (*See* Interim Award at 3.) Defendants refuted all claims. (*Id.*)

## II.    ARBITRATION DECISION

Under the Employment Arbitration Rules of the American Arbitration Association, Arbitrator Theodore K. Cheng convened an evidentiary hearing on December 14–15, 2020 and reviewed party submissions and evidence. On April 23, 2021, Arbitrator Cheng held that Plaintiff had failed to establish that either Zen Ramen and Sushi or Ya Yan Ruan were Plaintiff's legal employers within the meaning of the FLSA or NYLL, resulting in the denial of all statutory claims and any implied contract claims against those two Defendants.[3] (*See* Interim Award at 14.) Undisputed by the parties, Arbitrator Cheng found that Maxim International Group and Zhe Lin were Plaintiff's employers under the FLSA and NYLL. (*See id.* at 16.)

Against Maxim International Group and Lin, Arbitrator Cheng denied Plaintiff's implied contract claim with respect to the reimbursement of all costs and expenses of the electric bicycles that Plaintiff purchased (count X). (*See id.*) Arbitrator Cheng also denied Plaintiff's claim that

---

[3] Plaintiff failed to plead sufficient facts against Defendant Sam "Doe," as demonstrated by the absence of both evidence and findings concerning Sam "Doe" in the arbitral award. After Arbitrator Cheng issued his findings, Plaintiff abandoned any claims against Sam "Doe" by his motion to confirm the arbitral award. This Court thus relies on its inherent power to dismiss the claims against Sam "Doe" for Plaintiff's failure to prosecute. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962)).

Maxim International Group and Lin unlawfully retained customer tips in violation of the FLSA and the NYLL (counts VI and VII) due to lack of evidence. (*See id.* at 21.)

As to the remaining wage claims under the FLSA and NYLL, Arbitrator Cheng found in favor of Plaintiff against Maxim International Group and Lin. Arbitrator Cheng held that Maxim International Group and Lin: failed to pay Plaintiff the required minimum wages under the FLSA and the NYLL (counts I and II); failed to pay Plaintiff the required overtime wages under the FLSA and the NYLL (counts III and IV); failed to pay Plaintiff the required spread-of-hours wages under the NYLL (count V); failed to provide Plaintiff adequate wage notices under the NYLL (count VIII); and failed to provide Plaintiff adequate wage statements under the NYLL (count IX). (*See id.* at 17–23.) Arbitrator Cheng further held that the FLSA and NYLL violations by Maxim International Group and Lin were willful, entitling Plaintiff to liquidated damages. (*Id.* at 23–24 (citing 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663(1); *Moon v. Kwon*, 248 F. Supp. 2d 201, 234–35 (S.D.N.Y. 2002) (finding a willful violation from employer's failure to, among other things, "comply with basic recordkeeping requirements of federal and state law")).)

Following the Interim Award, Plaintiff submitted an itemization of damages to Arbitrator Cheng, to which Defendants did not object. (*See* "Final Award," ECF No. 36-2, at 3.) On June 1, 2021, Arbitrator Cheng issued his Final Award holding that Plaintiff was entitled to $199,248.53, comprising $80,248.91 in compensatory damages, $80,248.91 in liquidated damages, $5,000 in wage notice penalties, $5,000 in wage statement penalties, and $28,750.72 in pre-award interest. (*Id.* at 3–4.) Based on the parties' submissions on attorneys' fees, Arbitrator Cheng adjusted Plaintiff counsel's hourly rates and applied a 15% reduction to the fee amount,

resulting in a total attorneys' fees award of $57,516.74. (*Id.* at 4–7.) Additionally, Arbitrator Cheng granted Plaintiff's unopposed submission for $4,325.30 in costs as reasonable. (*Id.* at 7.)

### III. LEGAL STANDARD

Plaintiff's application for confirmation and enforcement of the arbitral award is governed by the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1 *et seq.* The FAA states that at any time within one year after an award is made, any party to the arbitration may apply to the court for an order confirming the award. 9 U.S.C. § 9. If no court is specified in the parties' arbitration agreement, then such application may be made to the United States court in and for the district within which such award was made. *Id.* The court must grant the order confirming the award, unless it decides to vacate, modify, or correct the award as prescribed by the FAA. *Id.*; *see also Badgerow v. Walters*, 142 S. Ct. 1310, 1316 (2022).

Judicial review of a labor-related arbitration award is very limited, *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001), and "a reviewing court is bound by the arbitrator's factual findings," *Local 97, Intern. Broth. of Elec. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (citation omitted). The FAA requires both state and federal courts to honor arbitration agreements, and the Supreme Court has long recognized the courts' "prominent role" in arbitral enforcement. *Badgerow*, 142 S. Ct. at 1316 (citing *Vaden v. Discover Bank*, 556 U.S. 49, 71 (2009); also citing *Southland Corp. v. Keating*, 465 U.S. 1, 12–16 (1984)). Indeed, if there exists "even a barely colorable justification" for the arbitrator's determination, the award should be upheld. *187 Concourse Assocs. v. Fishman*, 399 F.3d 524, 526 (2d Cir. 2005) (citation omitted). "It is only when the arbitrator strays from interpretation and application of the agreement and effectively 'dispense[s] his own brand of industrial justice' that his decision may be unenforceable." *Major League*, 531 U.S. at 509 (citation omitted).

## IV. ARBITRATION AWARD IS CONFIRMED

This Court has authority under the FAA to grant, vacate, modify, or correct the arbitral award. The parties' Arbitration Agreement does not specify which court shall enter judgment upon an award. (*See* Arbitration Agreement.) Thus, parties were to seek application for judgment "to the United States court in and for the district within which such award was made." 9 U.S.C. § 9. Arbitrator Cheng made his Interim and Final Awards in New York, New York for the claims arising from the acts and omissions of Defendants in Manhattan. (*See generally* Interim Award; Final Award.) Therefore, application to this Court was proper under the FAA.

This Court grants Plaintiff's unopposed motion to confirm the arbitral award under the FAA. *See* 9 U.S.C. § 9. This Court "is bound by the arbitrator's factual findings." *Local 97*, 196 F.3d at 124. Because the Interim and Final Awards exceed the standard of "a barely colorable justification" for the arbitrator's determination, this Court upholds and confirms the arbitral award. *See 187 Concourse Assocs.*, 399 F.3d at 526.

## V. CONCLUSION

Plaintiff's motion to confirm the arbitral award is GRANTED.

The Clerk of Court is directed to close the open motion at ECF No. 35 accordingly. The Clerk of Court is also directed to close the open letter motion at ECF No. 25 as having been resolved by this Court's Order at ECF No. 33.

Dated: January 12, 2023
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE